**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTEX HOMES,<br><br>        Plaintiff,<br><br>   v.<br><br>ATLANTIC MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | 1:06-cv-1070 OWW LJO<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference: 5/18/07 8:45 Ctrm. 3 |

**I.   Date of Scheduling Conference.**

    January 4, 2007.

**II.  Appearances Of Counsel.**

    Thelen Reid Brown Raysman & Priest LLP by Aaron R. Gruber, appeared on behalf of Plaintiff.

    Selvin Wraith Halman LLP by Curtis Ogilvie, Esq., appeared on behalf of Defendant.

**III. Summary of Pleadings.**

    1.   This matter arises from a number of construction defect lawsuits. Defendant was the liability insurer for one of the subcontractors who worked on some of the single-family homes that were involved in the underlying suits. Plaintiff's claim seeks

1

recovery under theories of breach of contract, bad faith and declaratory relief arising out of the insurance contract issued by Defendant, to which Plaintiff claims it is an additional insured.

2.  Plaintiff has previously litigated and resolved approximately 39 lawsuits involving thousands of single-family residences in the Central Valley. These matters involved approximately 100 to 110 subcontractors and their insurance carriers. Plaintiff contends that, at the outset of the home-owner litigation, it tendered its defense and indemnity to each of subcontractors and their insurance carriers. Plaintiff has since been involved in extensive negotiations with the subcontractors and their insurers to resolve these indemnity and defense issues. Mediator Jonathan Margolis has been involved in resolving a number of these matters. In an attempt to likewise resolve the issues presented in this litigation, the parties to this action have agreed to an early mediation with Mr. Margolis.

3.  To facilitate settlement negotiations the parties have agreed to an exchange of information they deem necessary to engage in meaningful settlement discussions. Both parties acknowledge that this exchange is more limited than what is required by Rule 26. It is the belief of counsel that given the extensive nature of the underlying litigation that a full Rule 26 disclosure may be substantial. Accordingly the parties wish to engage in an early mediation in an attempt to resolve this matter and reserve their rights for a full rule 26 disclosure until after the mediation.

4.  The attorneys have reviewed Local Rule 16-271 regarding

1  this Court's Voluntary Dispute Resolution Program.  The parties
2  are unaware of whether Mr. Margolis is on the Court's panel of
3  neutrals for VDRP.  Accordingly, the parties are opting to pursue
4  outside dispute resolution with Mr. Margolis as provided in Local
5  rule 16-271(a)(3).  Pursuant to that subsection the parties
6  stipulate to adopt the following provisions of Local rule 16-271;
7  Subsections (h)(j), (k), (l), (m), (n) and (o).
8  IV.   Mediation of Case.
9       1.   The parties believe, based on the availability of the
10 mediator, that they will be in a position to report to the court
11 on their efforts to resolve the case by May 15, 2007.
12      2.   Accordingly, it is found to be in the best interests of
13 the parties and the interests of justice, that this Scheduling
14 Conference be deferred and that the case resolution efforts be
15 permitted to proceed with all attention and resources focused
16 thereon.
17      3.   A Scheduling Conference in this case, if necessary,
18 shall be held on May 18, 2007, at 8:45 a.m.  The parties may
19 appear telephonically.
20      4.   In the event that the case resolves, the parties shall
21 notify the Court upon their execution of documents memorializing
22 the resolution of the case and furnish the Court with appropriate
23 dismissal documents.

26 IT IS SO ORDERED.

27 **Dated:   January 9, 2007**             **/s/ Oluster W. Wanger**
   emm0d6                                   UNITED STATES DISTRICT JUDGE

3